MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JORGE A TENESACA, *individually and on*
*behalf of others similarly situated,*

*Plaintiff*,

-against-

MANU INC.  (D/B/A I TRE MERLI), ITM
GARDEN INC.  (F/D/B/A REVEL), PAOLO
SECONDO, EMANUELA COSTA, DENIS L
ABRAMOWITZ, PETER DOE, ANA DOE,
and MARY DOE,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Jorge A Tenesaca ("Plaintiff Tenesaca" or "Mr. Tenesaca"), individually and on

behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Manu Inc. (d/b/a I Tre Merli), ITM Garden

Inc. (f/d/b/a Revel), ("Defendant Corporations"), Paolo Secondo,  Emanuela Costa,  Denis L

Abramowitz,  Peter Doe,  Ana Doe, and  Mary Doe, ("Individual Defendants"), (collectively,

"Defendants"), alleges as follows:

**NATURE OF ACTION**

1.    Plaintiff Tenesaca is a former employee of Defendants Manu Inc. (d/b/a I Tre Merli),

ITM Garden Inc. (d/b/a Revel), Paolo Secondo, Emanuela Costa, Denis L Abramowitz, Peter Doe,

Ana Doe, and Mary Doe.

2.    Defendants own, operate, or control an Italian restaurant, located at 10-12 Little West 12th street, New York, NY 10014 under the name "I Tre Merli f/d/b/a Revel"

3.    Upon information and belief, individual Defendants Paolo Secondo, Emanuela Costa, Denis L Abramowitz, Peter Doe, Ana Doe, and Mary Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Tenesaca was employed as a barback at the restaurant located at 10-12 Little West 12th street, New York, NY 10014.

5.    Plaintiff Tenesaca was ostensibly employed as a barback. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to bartending, bringing merchandise from and to the basement, stocking and restocking newly arrived merchandise in the basement, doing the liquor and merchandise inventory for the restaurant, bringing alcohol to the restaurant from the basement, unloading deliveries, taking out trash, washing dishes and glasses, going to the neighbor's business to get ice, purchasing liquor at the liquor store 5 blocks away, purchasing beet with the owner at a business that was 20 blocks away once or twice a month, requesting carbon dioxide from the neighbors once every two weeks, requesting liquor from the neighbors every weekend and returning carbon dioxide to the neighbors every two weeks (hereafter the "non-tipped duties").

6.    At all times relevant to this Complaint, Plaintiff Tenesaca worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Tenesaca appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff Tenesaca the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.     Furthermore, Defendants repeatedly failed to pay Plaintiff Tenesaca wages on a timely basis.

10.     Defendants employed and accounted for Plaintiff Tenesaca as a barback in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     Regardless, at all relevant times, Defendants paid Plaintiff Tenesaca at the lowered tip-credited rate.

12.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Tenesaca's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Tenesaca's actual duties in payroll records by designating him as a barback instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Tenesaca at the minimum wage rate and enabled them to pay him at the tip-credit rate.

14.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Tenesaca's and other tipped employees' tips and made unlawful deductions from Plaintiff Tenesaca's and other tipped employees' wages.

15.    Defendants' conduct extended beyond Plaintiff Tenesaca to all other similarly situated employees.

16.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Tenesaca and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

17.    Plaintiff Tenesaca now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.    Plaintiff Tenesaca seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

19.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Tenesaca's state law claims under 28 U.S.C. § 1367(a).

20.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate an Italian restaurant located in this district. Further, Plaintiff Tenesaca was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

21.    Plaintiff Jorge A Tenesaca ("Plaintiff Tenesaca" or "Mr. Tenesaca") is an adult individual residing in Queens County, New York.

22.    Plaintiff Tenesaca was employed by Defendants at I Tre Merli (f/d/b/a Revel) from approximately summer 2010 until on or about November 3, 2018.

23.    Plaintiff Tenesaca consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

24.    At all relevant times, Defendants owned, operated, or controlled an Italian restaurant, located at 10-12 Little West 12th street, New York, NY 10014 under the name "I Tre Merli f/d/b/a Revel"

25.    Upon information and belief, Manu Inc. (d/b/a I Tre Merli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 10-12 Little West 12th street, New York, NY 10014.

26.    Upon information and belief, ITM Garden Inc. (d/b/a Revel) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 10-12 Little West 12th street, New York, NY 10014.

27.    Defendant Paolo Secondo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Paolo Secondo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Paolo Secondo possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Tenesaca, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.    Defendant Emanuela Costa is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Emanuela Costa is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Emanuela Costa possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Tenesaca, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.    Defendant Denis L Abramowitz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Denis L Abramowitz is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Denis L Abramowitz possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants,

including Plaintiff Tenesaca, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

30.    Defendant Peter Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Peter Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Peter Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Tenesaca, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

31.    Defendant Ana Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ana Doe is sued individually in her capacity as a manager of Defendant Corporations. Defendant Ana Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Tenesaca, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

32.    Defendant Mary Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mary Doe is sued individually in her capacity as a manager of Defendant Corporations. Defendant Mary Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Tenesaca, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

33.    Defendants operate an Italian restaurant located in the Meatpacking district of Manhattan in New York City.

34.    Individual Defendants, Paolo Secondo, Emanuela Costa, Denis L Abramowitz, Peter Doe, Ana Doe, and Mary Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

35.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

36.    Each Defendant possessed substantial control over Plaintiff Tenesaca's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Tenesaca, and all similarly situated individuals, referred to herein.

37.    Defendants jointly employed Plaintiff Tenesaca (and all similarly situated employees) and are Plaintiff Tenesaca's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

38.    In the alternative, Defendants constitute a single employer of Plaintiff Tenesaca and/or similarly situated individuals.

39.    Upon information and belief, Individual Defendants Paolo Secondo, Emanuela Costa, and Denis L Abramowitz operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

40.   At all relevant times, Defendants were Plaintiff Tenesaca's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Tenesaca, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Tenesaca's services.

41.   In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

42.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

43.    Plaintiff Tenesaca is a former employee of Defendants who ostensibly was employed as a barback. However, he spent over 20% of each shift performing the non-tipped duties described above.

44.    Plaintiff Tenesaca seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jorge A Tenesaca*

45.    Plaintiff Tenesaca was employed by Defendants from approximately summer 2010 until on or about November 3, 2018.

46.    Defendants ostensibly employed Plaintiff Tenesaca as a barback.

47.    However, Plaintiff Tenesaca was also required to spend a significant portion of his work day performing the non-tipped duties described above.

48.    Although Plaintiff Tenesaca ostensibly was employed as a barback, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

49.    Plaintiff Tenesaca regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

50.    Plaintiff Tenesaca's work duties required neither discretion nor independent judgment.

51.    From approximately November 2012 until on or about November 2017, Plaintiff Tenesaca worked from approximately 3:00 p.m. until on or about 12:00 a.m., Thursdays, from

approximately 3:00 p.m. until on or about 5:00 a.m., Fridays and Saturdays, and from approximately 4:00 p.m. until on or about 8:00 p.m., Sundays (typically 41 hours per week).

52.    From approximately November 2017 until on or about November 3, 2018, Plaintiff Tenesaca worked from approximately 3:00 p.m. until on or about 5:00 a.m., Saturdays (typically 14 hours per week).

53.    Throughout his employment, Defendants paid Plaintiff Tenesaca his wages by check.

54.    From approximately November 2012 until on or about December 2015, Defendants paid Plaintiff Tenesaca $5.00 per hour.

55.    From approximately January 2016 until on or about December 2017, Defendants paid Plaintiff Tenesaca $7.50 per hour.

56.    From approximately January 2018 until on or about November 3, 2018, Defendants paid Plaintiff Tenesaca $8.65 per hour.

57.    Plaintiff Tenesaca's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

58.    For example, from approximately November 2012 until on or about November 2017, Defendants required Plaintiff Tenesaca to work an additional 1 hour past his scheduled departure time three days a week, and from approximately November 2017 until on or about November 3, 2018, Plaintiff Tenesaca was required to work 1 hour past his scheduled departure on Saturdays, and Defendants did not pay him for the additional time he worked.

59.    Defendants never granted Plaintiff Tenesaca any breaks or meal periods of any kind.

60.    Nevertheless, Defendants deducted $15 from Plaintiff Tenesaca's weekly paycheck for meals he never ate.

61. Plaintiff Tenesaca was never notified by Defendants that his tips were being included as an offset for wages.

62. Defendants did not account for these tips in any accurate daily or weekly accounting of Plaintiff Tenesaca's wages.

63. Defendants withheld a portion of Plaintiff Tenesaca's tips; specifically, Defendants pocketed 4% of the tips customers paid for parties held at the restaurant and approximately 30% of all the credit card tips.

64. Furthermore, Defendants often paid the credit card tips late. In fact, Defendants did not pay Plaintiff Tenesaca his credit card tips for his last three months of employment.

65. Although Plaintiff Tenesaca was required to keep track of his time, Defendants' time tracking device did not accurately reflect his actual hours worked.

66. Defendants required Plaintiff Tenesaca to sign a handwritten document with the employees' names and the amount of credit card tips received, in order to release his credit card tips.

67. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tenesaca regarding overtime and wages under the FLSA and NYLL.

68. Defendants did not provide Plaintiff Tenesaca an accurate statement of wages, as required by NYLL 195(3).

69. In fact, Defendants adjusted Plaintiff Tenesaca's paystubs so that they reflected inaccurate hours worked.

70. Defendants did not give any notice to Plaintiff Tenesaca, in English and in Spanish (Plaintiff Tenesaca's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

71.    Defendants required Plaintiff Tenesaca to purchase "tools of the trade" with his own funds—including his uniform which consisted of 2 pairs of black shoes per year, one set of black t-shirts every two months, and 5 pants per year.

*Defendants' General Employment Practices*

72.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Tenesaca (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

73.    Plaintiff Tenesaca was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

74.    Defendants' pay practices resulted in Plaintiff Tenesaca not receiving payment for all his hours worked, and resulted in Plaintiff Tenesaca's effective rate of pay falling below the required minimum wage rate.

75.    Defendants habitually required Plaintiff Tenesaca to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

76.    Defendants required Plaintiff Tenesaca and all other barbacks to perform general non-tipped tasks in addition to their primary duties as barbacks.

77.    Plaintiff Tenesaca and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

78.     Plaintiff Tenesaca's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

79.     Plaintiff Tenesaca and all other tipped workers were paid at the lowered tip-credit rate by Defendants.

80.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Tenesaca's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

81.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

82.     In violation of federal and state law as codified above, Defendants classified Plaintiff Tenesaca and other tipped workers as tipped employees, and paid them at a rate that was at the lowered tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

83.     Defendants failed to inform Plaintiff Tenesaca who received tips that Defendants intended to take a deduction against Plaintiff Tenesaca's earned wages for tip income, as required by the NYLL before any deduction may be taken.

84.     Defendants failed to inform Plaintiff Tenesaca who received tips, that his tips were being credited towards the payment of the minimum wage.

85.    Defendants failed to maintain a record of tips earned by Plaintiff Tenesaca who worked as a barback for the tips he received.

86.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Tenesaca who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving barbacks of a portion of the tips earned during the course of employment.

87.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

88.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

89.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

90.    Defendants' time keeping system did not reflect the actual hours that Plaintiff Tenesaca worked.

91.    Defendants required Plaintiff Tenesaca to sign a handwritten document in order to release his credit card tips.

92.    Furthermore, his credit card tips were usually paid late or not paid at all, like in the last three months of employment.

93.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

94.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Tenesaca (and similarly situated individuals) worked, and to avoid paying Plaintiff Tenesaca properly for his full hours worked.

95.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

96.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Tenesaca and other similarly situated former workers.

97.    Defendants failed to provide Plaintiff  Tenesaca and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

98.    Defendants failed to provide Plaintiff Tenesaca and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as

part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

99.    Plaintiff Tenesaca brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

100.    At all relevant times, Plaintiff Tenesaca and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

101.    The claims of Plaintiff Tenesaca stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

102.    Plaintiff Tenesaca repeats and realleges all paragraphs above as though fully set forth herein.

103.    At all times relevant to this action, Defendants were Plaintiff Tenesaca's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Tenesaca (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

104.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

105.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

106.  Defendants failed to pay Plaintiff Tenesaca (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

107.    Defendants' failure to pay Plaintiff Tenesaca (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

108.    Plaintiff Tenesaca (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

109.    Plaintiff Tenesaca repeats and realleges all paragraphs above as though fully set forth herein.

110.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Tenesaca (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

111.    Defendants' failure to pay Plaintiff Tenesaca (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

112.    Plaintiff Tenesaca (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

113.    Plaintiff Tenesaca repeats and realleges all paragraphs above as though fully set forth herein.

114.    At all times relevant to this action, Defendants were Plaintiff Tenesaca's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Tenesaca, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

115.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Tenesaca less than the minimum wage.

116.    Defendants' failure to pay Plaintiff Tenesaca the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

117.    Plaintiff Tenesaca was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

118.    Plaintiff Tenesaca repeats and realleges all paragraphs above as though fully set forth herein.

119. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Tenesaca overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

120. Defendants' failure to pay Plaintiff Tenesaca overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

121. Plaintiff Tenesaca was damaged in an amount to be determined at trial.

<u>**FIFTH CAUSE OF ACTION**</u>

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

122. Plaintiff Tenesaca repeats and realleges all paragraphs above as though fully set forth herein.

123. Defendants failed to pay Plaintiff Tenesaca one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Tenesaca's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

124. Defendants' failure to pay Plaintiff Tenesaca an additional hour's pay for each day Plaintiff Tenesaca's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

125. Plaintiff Tenesaca was damaged in an amount to be determined at trial.

<u>**SIXTH CAUSE OF ACTION**</u>

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

126.    Plaintiff Tenesaca repeats and realleges all paragraphs above as though fully set forth herein.

127.    Defendants failed to provide Plaintiff Tenesaca with a written notice, in English and in Spanish (Plaintiff Tenesaca's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

128.    Defendants are liable to Plaintiff Tenesaca in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

129.    Plaintiff Tenesaca repeats and realleges all paragraphs above as though fully set forth herein.

130.    With each payment of wages, Defendants failed to provide Plaintiff Tenesaca with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the

number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

131.    Defendants are liable to Plaintiff Tenesaca in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

132.    Plaintiff Tenesaca repeats and realleges all paragraphs above as though fully set forth herein.

133.    Defendants required Plaintiff Tenesaca to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

134.    Plaintiff Tenesaca was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

135.    Plaintiff Tenesaca repeats and realleges all paragraphs above as though fully set forth herein.

136.    At all relevant times, Defendants were Plaintiff Tenesaca's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

137.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the

gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

138.    Defendants unlawfully misappropriated a portion of Plaintiff Tenesaca's tips that were received from customers.

139.    Defendants knowingly and intentionally retained a portion of Plaintiff Tenesaca's tips in violations of the NYLL and supporting Department of Labor Regulations.

140.    Plaintiff Tenesaca was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

141.     Plaintiff Tenesaca repeats and realleges all paragraphs above as though fully set forth herein.

142.    At all relevant times, Defendants were Plaintiff Tenesaca's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

143.    Defendants made unlawful deductions from Plaintiff Tenesaca's wages including, but not limited to, deductions for meals he never ate.

144.    The deductions made from Plaintiff Tenesaca's wages was not authorized or required by law.

145.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Tenesaca's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

146.    Plaintiff Tenesaca was damaged in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

147.    Plaintiff Tenesaca repeats and realleges all paragraphs above as though set forth fully herein.

148.    Defendants did not pay Plaintiff Tenesaca on a regular weekly basis, in violation of NYLL §191.

149.    Defendants are liable to Plaintiff Tenesaca in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tenesaca respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Tenesaca and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Tenesaca and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Tenesaca's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Tenesaca and the FLSA Class members;

(f)     Awarding Plaintiff Tenesaca and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Tenesaca and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Tenesaca;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Tenesaca;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Tenesaca;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Tenesaca;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Tenesaca's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Tenesaca;

(n)     Awarding Plaintiff Tenesaca damages for the amount of unpaid minimum wage

and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)    Awarding Plaintiff Tenesaca damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiff Tenesaca liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiff Tenesaca and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiff Tenesaca and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

<u>**JURY DEMAND**</u>

Plaintiff Tenesaca demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
    November 27, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
    Michael Faillace [MF-8436]
    60 East 42nd Street, Suite 4510

- 26 -

New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 26, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Jorge A Tenesaca

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          26 de noviembre 2018

*Certified as a minority-owned business in the State of New York*