## SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among Plaintiff JORGE A TENESACA, ("Plaintiff") and Defendants MANU INC. (D/B/A I TRE MERLI), ITM GARDEN INC. (F/D/B/A REVEL), PAOLO SECONDO, EMANUELA COSTA, ("Defendants") ("Plaintiff" and "Defendants" are jointly referred to as "Parties").

**WHEREAS**, the Action was initially brought as a putative collective action, but Plaintiff never sought to certify the Action as a collective action and thus the Action did not proceed collectively; and

**WHEREAS**, on N, Defendants filed their Answer to the Complaint, denying the material allegations of the Complaint and asserting various defenses and crossclaims against the co-defendants; and

**WHEREAS**, there is a bona fide dispute as to the viability of Plaintiff's claims and whether, and to the extent that Defendants are liable to Plaintiff for unpaid wages, overtime or other compensation; and

**WHEREAS,** the Parties have determined it is in their mutual interests to settle the Action and all other matters between them; and

**WHEREAS,** the Parties desire to have no further obligations to each other, except as specifically provided herein; and

**WHEREAS**, throughout the negotiation and execution of this Agreement, Plaintiff has been represented by his counsel, Catalina Sojo, Esq. CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, telephone number (212) 317-1200 ("Plaintiff's Attorneys"); and

**WHEREAS**, Defendants have been represented by their counsel, Lawrence Figowe Morrison, Morris Tenebaum, PLLC 87 Walker Street, Floor 2 New York, NY 10013 (212)-620-0938 ("Defendants' Attorneys"); and

**WHEREAS,** the Parties acknowledge that they have each entered into the Agreement freely and voluntarily, without threats or coercion of any kind by anyone, after an arms-length negotiation between the Parties and their respective attorneys and with the assistance of a mediator experienced in actions of this nature; and

**WHEREAS**, the Parties acknowledge that they each understand the meaning and effect of the execution of this Agreement.

**NOW THEREFORE**, in consideration of the mutual covenants and undertakings set forth in this Agreement, and for good and valuable consideration, the sufficiency of which is acknowledged hereby, Plaintiff and Defendants, intending to be legally bound, hereby agree as follows:

**1.     Consideration.** In exchange for, and in consideration of, the covenants and promises contained herein, including Plaintiff's release of claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 3 below, Defendants shall pay to Plaintiff the total sum of Forty Thousand and Five Hundred Dollars ($40,500.00) (the "Settlement Amount") as follows:

(i) An initial payment in the amount of Six Thousand Seven Hundred and Fifty Dollars and Zero Cents ($6,750.00) (the "Initial Payment") to be made on April 1, 2022 to be paid as follows;

      1. Alleged unpaid wages and liquidated damages in the gross sum of Four Thousand, Five Hundred Dollars and Zero Cents ($4,500.00) to Jorge A. Tenesca

      2. Plaintiffs' counsel, CSM Legal, P.C., the gross sum of Two Thousand Two Hundred and Fifty Dollars and Zero Cents ($2,250.00) as payment towards attorneys' fees and costs.

(ii) A second payment in the amount of Six Thousand Seven Hundred and Fifty Dollars and Zero Cents ($6,750.00) (the "Second Payment") to be made on May 1, 2022 to be paid as follows;

      1. Alleged unpaid wages and liquidated damages in the gross sum of Four Thousand, Five Hundred Dollars and Zero Cents ($4,500.00) to Jorge A. Tenesca

      2. Plaintiffs' counsel, CSM Legal, P.C., the gross sum of Two Thousand Two Hundred and Fifty Dollars and Zero Cents ($2,250.00) as payment towards attorneys' fees and costs.

(iii) A third payment in the amount of Six Thousand Seven Hundred and Fifty Dollars and Zero Cents ($6,750.00) (the "Third Payment") to be made on June 1, 2022 to be paid as follows;

1. Alleged unpaid wages and liquidated damages in the gross sum of Four Thousand, Five Hundred Dollars and Zero Cents ($4,500.00) to Jorge A. Tenesca
2. Plaintiffs' counsel, CSM Legal, P.C., the gross sum of Two Thousand Two Hundred and Fifty Dollars and Zero Cents ($2,250.00) as payment towards attorneys' fees and costs.

(iv) A fourth payment in the amount of Six Thousand Seven Hundred and Fifty Dollars and Zero Cents ($6,750.00) (the "Fourth Payment") to be made on July 1, 2022 to be paid as follows;

1. Alleged unpaid wages and liquidated damages in the gross sum of Four Thousand, Five Hundred Dollars and Zero Cents ($4,500.00) to Jorge A. Tenesca

    2. Plaintiffs' counsel, CSM Legal, P.C., the gross sum of Two Thousand Two Hundred and Fifty Dollars and Zero Cents ($2,250.00) as payment towards attorneys' fees and costs.

(v) A fifth payment in the amount of Six Thousand Seven Hundred and Fifty Dollars and Zero Cents ($6,750.00) (the "Third Payment") to be made on August 1, 2022 to be paid as follows;

    1. Alleged unpaid wages and liquidated damages in the gross sum of Four Thousand, Five Hundred Dollars and Zero Cents ($4,500.00) to Jorge A. Tenesca
    2. Plaintiffs' counsel, CSM Legal, P.C., the gross sum of Two Thousand Two Hundred and Fifty Dollars and Zero Cents ($2,250.00) as payment towards attorneys' fees and costs.

(vi) A sixth payment in the amount of Six Thousand Seven Hundred and Fifty Dollars and Zero Cents ($6,750.00) (the "Third Payment") to be made on September 1, 2022 to be paid as follows;

    1. Alleged unpaid wages and liquidated damages in the gross sum of Four Thousand, Five Hundred Dollars and Zero Cents ($4,500.00) to Jorge A. Tenesca
    2. Plaintiffs' counsel, CSM Legal, P.C., the gross sum of Two Thousand Two Hundred and Fifty Dollars and Zero Cents ($2,250.00) as payment towards attorneys' fees and costs.

    a. Defendants shall be in curable default if they fail to make any payment when due pursuant to Paragraphs 1.a and 1.b of this Agreement.  Plaintiff or their authorized agent shall send a notice via First Class Mail and Email of such default addressed to Defendants' attorney, whereupon Defendants shall have the right to cure the default within ten (10) business days of Defendants' attorneys' receipt of Plaintiff's notice of default.

    b. Except as set forth in this Paragraph 1, Plaintiff is not entitled to, and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiff acknowledges and agrees that by entering into this Agreement, he is not otherwise entitled to receive the consideration from Defendants or Releasees, except as provided for in this Agreement.  Plaintiff both acknowledges and agrees that after receipt of the Settlement Amount as set forth in this Paragraph 1, he has been paid and/or have each received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which each of them is, was, or may have been, entitled from Defendants.

    c. The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants arising from or concerning the payment of wages or benefits in connection with employment, liquidated damages, interest, attorneys' fees and costs and all claims for wages or

other compensation which were or could have been asserted in the Plaintiff's Complaint and all other related matters.

d. Plaintiff both represents that he is not aware of any existing lien against his recovery in this action. Plaintiff agrees to release, hold harmless and indemnify Defendants (including Defendants' reasonable costs and attorney's fees) from any claim asserting a lien or claim against the settlement proceeds with respect to any liens, known or unknown, including but not limited to, any existing lien or one arising under Section 475 of the New York Judiciary Law, against his recovery in this action, including that portion of the recovery representing fees for legal services.

e. Plaintiff further acknowledges that Defendants, their administrators, successors and assigns, in paying the agreed-upon Settlement Amount under the Agreement, are not responsible for the satisfaction of any lien upon Plaintiff's respective or total recovery in this action, and further acknowledge that the satisfaction of any lien, known or unknown, against Plaintiff's recovery in this action is exclusively their responsibility. Plaintiff further agrees that should litigation be commenced against Defendants, or any of their successors or assigns, with respect to the enforcement and satisfaction of any liens, known or unknown, relating to Plaintiff's recovery in this action, as well as that portion representing fees for legal services, Plaintiff shall fully indemnify Defendants, and their successors and assigns, for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to Defendants' defense of that action, and/or the defense of their successors and assigns.

f. Upon Court Approval of the Agreement, Defendants will issue, or cause to be issued, to CSM Legal P.C., and the Plaintiff an IRS Form 1099 regarding the payment of the Settlement Amount made pursuant to this Paragraph 1.

g. If, for any reason, it is determined by any federal, state or local authority that the sums and payments set forth in this Paragraph 1, or any portion thereof, should have been subject to taxation or withholding, Plaintiff agrees that he shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and that each of them shall indemnify and hold harmless Defendants from any withholding or tax payment, interest or penalties required to be paid by Defendants thereon, except for Defendants' share of any FICA payment that may be due. Plaintiff further agrees and understands that, in the event Defendants are required to enforce the terms of this indemnification-and-hold-harmless provision, Plaintiff will reimburse Defendants for their reasonable attorneys' fees and costs associated with such enforcement.

**2. Limited Release of Claims.** In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually on behalf of his children, spouse, agents, assignees, heirs, executors, administrators, beneficiaries, trustees, and legal representatives, hereby waive, discharge and release (i) MANU INC. and its current and former parents, subsidiaries,

divisions, branches, assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; and (ii) ITM GARDEN INC and its current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; and (iii). PAOLO SECOND and , EMANUELA COSTA in their individual and corporate capacities, and their heirs, executors, administrators, attorneys, successors and assigns and  (collectively, "Releasees") from any and all actions, causes of action, obligations, liabilities, claims, debts, losses, charges, grievances, complaints, suits and/or demands that Plaintiff may have, known or unknown, contingent or otherwise, arising from Defendants' compensation of Plaintiff during his employment with any Defendant, including but not limited to the release of any claims for unpaid, inaccurate payment of, or nonpayment of wages, tips and any other compensation, failure to provide requisite notice of pay rate or wage statements, and any other related claim under any federal, state or local law, rule, regulation, order or ordinance governing wages and hours, including but not limited to federal and New York law (29 U.S.C. §§ 201, *et. seq.*, New York Labor Law §§ 191, 195, 198 (1-b), 198 (1-d), 650, *et. seq*., and relevant sections of N.Y. Comp. Codes R. & Regs.) and any other claims whatsoever alleged in the Complaint and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever.  This release does not include a release of any rights Plaintiff may have under this Agreement.

It is the intention of the Parties in executing this Agreement that it shall be a release of all claims arising from or concerning Defendants' compensation of Plaintiff during his employment with any Defendant in all respects and shall be effective as a bar to each and every matter released herein and that, should any proceeding be instituted with respect to matters released herein, this Agreement shall be deemed in full and complete accord, satisfaction and settlement of any such released matter and sufficient basis for its dismissal.  Plaintiff acknowledges and agrees that, by signing this Agreement, he is surrendering and giving up any right he has or may have, without limiting the generality of any other provision herein, to assert any claim, arising from or concerning Defendants' compensation of Plaintiff during his employment with any Defendant, against or involving Defendants and the Releasees, or to permit himself (Plaintiff) to become and/or remain a member of any class seeking relief against Defendants and the Releasees arising from, or in any way relating to, Plaintiff's compensation by Defendants.

**3.     Discontinuance of Claims.**  Plaintiff acknowledges and agrees that, other than the Action, he is not presently aware of any legal proceedings pending between Plaintiff and/or his representatives and Defendants or the Releasees.  It is the intention of the Parties that this Agreement is intended to extinguish all claims Plaintiff asserted against Defendants and Releasees in the Action, and that the Action be dismissed with prejudice.  Plaintiff agrees to dismiss and withdraw the Action by executing the Stipulation of Voluntary Dismissal with Prejudice against all defendants in the form annexed hereto as Exhibit B ("Stipulation"), which Stipulation shall be filed by Plaintiff's Attorney within seven (7) days of receipt of the Initial Payment, on ECF to be reviewed, approved, and So-Ordered by the Court, as such approval is required by Second Circuit case law.

**4.     Agreement Not to File Suit or Arbitration for Past Acts.**  Plaintiff, for and on behalf of himself and each of his beneficiaries, executors, administrators, successors, assigns, and anyone claiming through or under any of the foregoing, agrees that he will not file or otherwise submit any claim, complaint, arbitration request, or action to any court or judicial forum (nor will Plaintiff permit any person, group of persons, or organization to take such action his behalf) against the Releasees arising out of any actions or non-actions on the part of Releasees pertaining to any claim being released herewith arising before execution of this Agreement.  Plaintiff further agree that in the event that any person or entity should bring such a claim, complaint, or action on their behalf, Plaintiff hereby waives and forfeits any right or claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action and will exercise every good faith effort (but will not be obliged to incur any expense) to have such claim dismissed.  Plaintiff understands that the provisions of this Paragraph mean that he cannot bring a future lawsuit against Defendants arising out of any actions or failures to act pertaining to any claim being released herewith arising before Plaintiff's execution of this Agreement.

**5.     Attorneys' Fees in Suit.**  If the Plaintiff breaches the terms of this Agreement, and/or files a lawsuit or arbitration regarding claims for actions or inactions pertaining to any claim being released herewith that have predated the execution of this Agreement, then such Plaintiff(s) will be required and compelled to pay for all fees and costs incurred by the Releasees, including reasonable attorneys' fees, in defending against such claims and/or in seeking or obtaining the dismissal of the same.  Similarly, if any or all of the Defendants breach the terms of this Agreement, then such Defendant(s) will be required and compelled to pay for all fees and costs incurred by the Plaintiff, including reasonable attorneys' fees.

**6.     Denial of Wrongdoing.**  Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remuneration under it, shall be construed, considered or deemed to be an admission of liability or wrongdoing by Defendants or the Releasees.  Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ.  The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure the enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

**7.     Statement of Fairness.**  The Parties acknowledge and agree this settlement is in Plaintiff's and Defendants' respective best interest given the extent of the disputed issues of fact described herein, and taking into account the strengths and weaknesses of each party's case.  The Parties agree that the uncertainty of the outcome of trial warrants a settlement in the amount of $60,000.00. The Parties further agree that even taking into account the Plaintiff's attorneys' fees to be deducted from the Settlement Amount, the gross settlement of $60,000.00 adequately compensates Plaintiff for unpaid wages as well as a measure of liquidated damages.

**8.     Miscellaneous Acknowledgments and Affirmations.**

a.     Plaintiff affirms that upon payment of the Settlement Amount he has been paid and/or have received all compensation, wages, bonuses, tips, commissions, and/or benefits to which he may be entitled.

      b.      Plaintiff affirms that he has been granted any leave to which he was entitled and have not been retaliated against for exercising any rights to leave.

**9. Notices.** Unless otherwise provided for herein, all notices to be served under this Agreement shall be provided via email and First-Class Mail, to the following:

    a.    If to Defendants:
          Lawrence Figowe Morrison
          Morris Tenebaum, PLLC
          87 Walker Street, Floor 2
          New York, NY 10013
          Email: morrlaw@aol.com

    b.    If to Plaintiff:
          Catalina Sojo Esq.
          CSM Legal, P.C.
          60 East 42nd Street, Suite 4510
          New York, New York 10165
          catalina@csm-legal.com

**10. Choice of Law and Forum.** This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles.

**11. Entire Agreement.** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

**12. Modification.** This Agreement may not be changed unless the change is in writing and signed by Plaintiff and his attorneys and an authorized representative of Defendants.

**13. General Provisions.** The failure of any party to this Agreement to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

**14. Section Headings.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

**15. Legal Counsel.** Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement, which includes a release. Plaintiff hereby acknowledges that he

was fully and fairly represented by CSM Legal, P.C., in connection with the review, negotiation and signing of this Agreement.

**16.    Competence to Waive Claims.** At the time of considering or executing this Agreement, JORGE A. TENESCA was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement and knowingly and voluntarily waive any and all claims he may have against the Releasees. Plaintiff certifies that he is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims he may have against the Releasees.

**17.    Execution.** The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFF**

JORGE A. TENESCA,

Dated: 02-08-2022

**DEFENDANTS**

MANU INC.

By: Emanuela Costa

Dated: 2-6-22

PAOLO SECONDO, Individually

By: 

Dated: 2-6-22

ITM GARDEN INC.

By: 

Dated: 2-6-22

EMANUELA COSTA, Individually

By: Emanuela Costa

Dated: 2-6-22

Page 8 of 9