# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510      Telephone: (212) 317-1200
New York, New York 10165      Facsimile: (212) 317-1620
_____

February 18, 2022

**Via ECF**
The Honorable Judge John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

             Re:     **Tenesca et al v. Manu Inc. et al**
                     **Index No.: 18-cv-11068**

Your Honor:

       Our office represents Plaintiff in the above-referenced matter. I write to respectfully request that the Court approve the settlement agreement ("the Agreement") reached by the Parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as Exhibit A.

       Plaintiff has agreed to settle all of his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel. There was no fraud or collusion by any of the Parties during the settlement process. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

       The Parties have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests. For these reasons, and based on the reasons set forth below, Plaintiff respectfully requests that that Court enter an Order approving the Agreement as fair and reasonable.

I.     **Background**

       Plaintiff filed a Complaint against Defendants alleging claims for unpaid overtime compensation; the failure to provide wage notices; the failure to provide accurate wage statements; the recovery of equipment costs; unlawful deductions from wages; and the failure to pay wages on a timely basis, along with liquidated damages, interest, attorneys' fees, and costs pursuant to, *inter alia*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and applicable regulations. Plaintiffs allege that they are entitled to back wages of approximately $33,838.60 and would be entitled to approximately $115,405.07 if they had recovered in full for their claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy

of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

Plaintiff contends he was employed by Defendants at a restaurant, located at 10-12 Little West 12th Street, New York, NY 10014 under the name I Tre Merli f/d/b/a Revel. Plaintiff was employed by Defendants from approximately summer 2010 until on or about November 3. 2018. Plaintiff alleges that Defendants engaged in a variety of FLSA and NYLL violations, including the failure to pay lawful wages and notice and recordkeeping violations.

Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiff to be entitled to the above-claimed sums.

## II.     The Proposed Settlement is Fair and Reasonable

The Parties have agreed to settle this action for the total sum of $40,500.00. Pursuant to the Agreement, the Settlement Amount shall be paid in six (6) monthly installment payments. The first monthly installment payment shall be due on April 1, 2022, after the Court's approval of the Agreement and the dismissal of this action with prejudice. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were contested factual and legal disputes. While Plaintiff believes his case is strong, this litigation has been pending for nearly three years and Plaintiff believes the settlement is reasonable because of the inherent litigation and collection risk.

Considering these risks, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

## III.    Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive $13,500.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation.

February 18, 2022
Page 3

      Plaintiffs' counsel's lodestar in this case is $6,480.75 and Plaintiffs' costs are $400.00. A copy of Plaintiffs' billing record is attached as "Exhibit C." The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

      Below is a brief biography of the attorneys who performed billable work on behalf of Plaintiffs, including the effective billable rates which Plaintiffs respectfully request the Court to apply should the Court undertake a lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007)):

      i.    Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, P.C., and was in practice from 1983 to November 5, 2021[1]. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment anti-discrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by the Practicing Law Institute, and other employment law publications and presentations. His work was billed at the rate of $450.00 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450.00, or even $500.00, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. *See*, *e.g., Manley v. Midan Rest. Inc.*, No. 14-cv-01369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

      ii.    Gennadiy Naydenskiy ("GN") was a Litigation Associate of Michael Faillace & Associates P.C. now CSM Legal P.C. Gennadiy Naydenskiy is reflected in Exhibit C as "GN" is billed at a rate of $350 per hour. Prior to joining Michael Faillace and Associates, P.C, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions.

      iii.    Khalil Huey was a Litigation Associate of CSM Legal P.C. Khalil Huey is reflected in Exhibit C as "KH" is billed at a rate of $375 per hour. Prior to

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf and an order is entered to that effect.

joining the firm P.C, Khalil Huey was of counsel for the Chandler Law Firm PLLC and an associate for the same firm that focused on labor and employment law for individuals and as labor counsel for several school districts, and large public employee unions in the State of New York.

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them.

Plaintiffs thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s Ramsha Ansari
Ramsha Ansari, Esq
CSM Legal, P.C.
*Attorneys for Plaintiff*

cc: All Counsel (via ECF)

---

The Court is in receipt of the parties' settlement agreement. The Court has reviewed the proposal in light of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and finds that the settlement is fair.

The Court notes that the attorneys' fees were calculated using the percentage method and represent approximately one third of the total settlement amount. While the Court finds those fees to be reasonable, the Court does not make any finding as to the reasonableness of counsel's hourly rate or as to the reasonableness of any particular hours billed for work on this case.

Accordingly, the settlement is approved, the case is dismissed with prejudice, and the Court retains jurisdiction over the settlement for purposes of enforcement. The Clerk of Court is respectfully directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.
Date: February 22, 2022
　　　　New York, New York

JOHN P. CRONAN
United States District Judge